IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GONZALEZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>          Defendant.<br>_____/ | CASE NO. CV-F-04-6706 REC LJO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION** |

### INTRODUCTION

This Court's December 15, 2004 Scheduling Order requires plaintiff Richard Gonzalez ("plaintiff") to file an opening brief with specific information and properly supported argument. This Court reviewed plaintiff's July 15, 2005 opening brief and found it failed to include sufficient information and argument to substantially comply with paragraph 11 of the Scheduling Order. This Court's August's 10, 2005 order granted plaintiff up to August 31, 2005 to file and serve a new opening brief to comply with paragraph 11 of the Scheduling Order. The August 10, 2005 order "**admonishes plaintiff that failure to comply timely with this order and to file an appropriate new opening brief will result in this Court's recommendation to dismiss this action.**"  (Bold in original.)

Plaintiff has failed to file a new opening brief to comply with the August 10, 2005 order.

## DISCUSSION

This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as plaintiff has not advanced this action by failing to file a proper opening brief and to comply with this Court's orders. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey an order will result in dismissal satisfies the "consideration of

alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424.

The December 10, 2004 Scheduling Order provided: "Violations of this order or of the federal or local rules of procedure may result in sanctions pursuant to Local Rule 11-110." The August 10, 2005 order "**admonishes plaintiff that failure to comply timely with this order and to file an appropriate new opening brief will result in this Court's recommendation to dismiss this action.**" (Bold in original.) Thus, plaintiff received more than adequate warning that dismissal would result from failure to file a proper opening brief and to comply with this Court's orders.

## CONCLUSION AND RECOMMENDATION

Accordingly, this Court RECOMMENDS to DISMISS this action on grounds that plaintiff has failed to file a proper opening brief and to comply with this Court's orders.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b) and this Court's Local Rule 72-304. No later than September 21, 2005, any party may file written objections with the Court and serve a copy on the magistrate judge in compliance with this Court's Local Rule 72-304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses to objections shall be filed and served no later than September 28, 2005 and otherwise in compliance with this Court's Local Rule 72-304(d). A copy of the responses shall be served on the magistrate judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**Plaintiff is admonished not to attempt to file a new opening brief as plaintiff's recourse is to object to these findings and recommendations. Plaintiff is further admonished this Court will strike a new opening brief unless this Court specifically grants plaintiff permission to file a new opening brief.**

IT IS SO ORDERED.

**Dated:   September 7, 2005**                  /s/ Lawrence J. O'Neill
66h44d                                          UNITED STATES MAGISTRATE JUDGE